UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Amanda L. Krebs, | : | Chapter 13 |
| | : | |
| Debtor. | : | Case No. 4:23-01894-MJC |

| | | |
|---|---|---|
| Amanda L. Krebs, | : | |
| | : | |
| Plaintiff, | : | Adversary Proceeding |
| | : | No. 4:24-00014-MJC |
| v. | : | |
| | : | |
| KML Law Group, P.C. | : | |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S AMENDED COMPLAINT

AND NOW, comes Plaintiff, Amanda Krebs, by and through her attorneys, ARM Lawyers, by David M. Gaspar, Jr., Esquire, and Patrick J. Best, Esquire, and hereby sets forth the following allegations in support of her Amended Complaint:

## PARTIES

1. Plaintiff Amanda Krebs is a competent adult individual with a current address within the Commonwealth of 1149 West Montgomery Street, Coal Township, Northumberland County, Pennsylvania 17866.

2. Defendant KML Law Group P.C. is a duly registered Pennsylvania Corporation with its principal place of business of 701 Market Street, Suite 5000, Philadelphia, Philadelphia County, PA 19106.

## JURISDICTION AND VENUE

3. This action was initiated through Complaint in the Northumberland County Court of Common Pleas, Docket No. 24-CV-0078, and was removed to the Bankruptcy Court for the Middle District of Pennsylvania.

4. This is a non-core proceeding and Plaintiff does not consent to final judgment by the bankruptcy court.

## FACTS

5. Plaintiff Amanda Krebs allegedly incurred a financial obligation in the amount of $34,542.75 (the "Debt") that was primarily for personal, family, or household purposes.

6. The Debt that Plaintiff Amanda Krebs allegedly incurred was due and owing to Nationstar Mortgage LLC as creditor.

7. Such a debt was a purchase money mortgage held by Nationstar Mortgage LLC.

8. Plaintiff Amanda Krebs filed a Chapter 13 bankruptcy petition on August 23, 2023, in the United States Bankruptcy Court for the Middle District of Pennsylvania.

9. The debt was subject to this Chapter 13 bankruptcy as it arose, if at all, prior to the filing of the Petition.

10. As such the debt was subject to the automatic stay of 11 U.S.C. §362 of the Bankruptcy Code.

11. On September 1, 2023, Defendant KML Law Group P.C. entered its appearance in the bankruptcy case on behalf of Nationstar Mortgage, LLC. (See DE # 13).

12. As such, Defendant KML Law Group, P.C. was aware of Plaintiff's bankruptcy filing.

13. Despite being subject to the automatic stay on October 2, 2023, Defendant KML Law Group, P.C. sent Plaintiff Amanda Krebs a Notice of Sheriff's Sale.

14. The owner of the property was identified as Amanda Stancavage, the former name of Plaintiff, Amanda Krebs.

15. This notice included "TENANTS/OCCUPANTS" of 1149 West Montgomery Street, Coal Township PA 17866 on the distribution list.

16. As Plaintiff was occupying the property at 1149 West Montgomery Street, she received a copy of this Notice.

17. Upon receiving this notice Plaintiff Amanda Krebs suffered anxiety and was upset as she believed the bankruptcy would resolve the foreclosure action.

18. Among other things, this communication was false and misleading as it purported to take action that the Defendant could not legally take.

19. In other words, because Plaintiff was subject to the automatic stay, a sheriff's sale could not legally be scheduled.

20. To be clear, this was not a mere continuance of a sheriff's sale.

21. Rather, this was the initial scheduling of a sheriff's sale related to this property which was initiated after Plaintiff filed her bankruptcy petition and after Defendant had notice of this filing.

22. Defendant sent a Notice of the Date of Continued Sheriff's Sale on December 7, 2023 and it is completely different in form and substance from the October 2, 2023 Notice.

23. Moreover, regardless of whether the Notice violates the automatic stay provisions of the bankruptcy code, the Notice violates the FDCPA for the reasons set forth herein.

24. In analyzing whether communications are false or misleading under the FDCPA, the Third Circuit uses the "least sophisticated debtor" standard. Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006).

25. When analyzing Defendant's Notice of Sheriff's Sale from the "least sophisticated debtor" standard, it is clear that the communication is false or misleading as a sheriff's sale could not be scheduled.

26. The above-described collection communications made to Plaintiff Amanda Krebs by Defendant KML Law Group, P.C. was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

<u>COUNT I</u>
<u>PLAINTIFF AMANDA KREBS VS. DEFENDANT KML LAW GROUP, P.C.</u>
<u>VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
<u>15 U.S.C. §1692 et seq.</u>

27. Plaintiff Amanda Krebs hereby incorporates paragraphs 1 through 26 above as if the same were set forth more fully at length therein.

28. 15 U.S.C. §1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

29. Defendant KML Law Group, P.C. violated Section 1692d by continuing to attempt to collect a debt subject to a Chapter 13 bankruptcy stay.

30. Because Plaintiff was protected by the automatic stay, the natural consequence of scheduling a sheriff's sale and/or sending a Notice of Sheriff's Sale is to harass, oppress, or abuse her.

31. 15 U.S.C. §1692e prohibits making false representations about a debt.

32. Defendant KML Law Group, P.C. violated Section 1692e by representing that Defendant was entitled to schedule a sheriff's sale to collect a debt subject to Chapter

13 bankruptcy stay.

33. 15 U.S.C. §1692e(2) prohibits making false representations about the character, amount, or legal status of the alleged debt.

34. Defendant KML Law Group, P.C. violated Section 1692e(2) by representing that Defendant was entitled to schedule a sheriff's sale to collect a debt where, in reality, the debt was subject to Chapter 13 bankruptcy stay.

35. 15 U.S.C. §1692e(5) prohibits threatening to take any action that cannot legally be taken or that is not intended to be taken.

36. Defendant KML Law Group, P.C. violated Section 1692e(5) by scheduling a sheriff's sale where it was not entitled to do so by law and/or sending a Notice of Sheriff's Sale where it was not entitled to do so by law.

37. 15 U.S.C. §1692e(10) prohibits the use of any false representation or deceptive means to collect a debt or obtain information about a consumer

38. Defendant KML Law Group, P.C. violated Section 1692e(10) by scheduling a sheriff's sale where it was not entitled to do so by law.

39. 15 U.S.C. §§1692f and 1692f(1) prohibit unfair and unconscionable practices by a debt collector to collect a debt, including "the collection of any amount... unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

40. Defendant KML Law Group, P.C. violated Sections 1692f and 1692f(1) by attempting to collect a defaulted debt from Plaintiff which was subject to Chapter 13 bankruptcy stay, and which may not be collected under federal law.

41. The foregoing acts and omissions of Defendant KML Law Group, P.C. constitute numerous and multiple violations of the FDCPA including, but not limited to, each and

every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq., with respect to Plaintiff Amanda Krebs.

42. Unlike actions taken under 11 U.S.C. § 362(k) of the bankruptcy code for willful violations of the automatic stay, the FDCPA, 15 U.S.C. §1692 et seq., does not require willfulness.

43. Rather, the FDCPA merely requires a violation of any cited provision at 15 U.S.C. §1692 et seq.

44. Thus, while Defendant's actions did violate the automatic stay, it is important to note that a willful violation of the stay is not the standard under the FDCPA.

45. Plaintiff was under the protection of the automatic stay as of August 23, 2023, Defendant was aware of this as of September 1, 2023, and nevertheless, sent a Notice of Sheriff Sale on October 2, 2023 violating every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq., with respect to Plaintiff Amanda Krebs.

46. As a result of Defendant KML Law Group, P.C.'s violations of the FDCPA, Plaintiff Amanda Krebs has suffered actual damages as due to these illegal collection communications by Defendant KML Law Group, P.C. in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**WHEREFORE**, Plaintiff Amanda Krebs respectfully requests this Honorable Court enter judgment in her favor and against Defendant KML Law Group, P.C. for actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

# COUNT II
# PLAINTIFF AMANDA KREBS VS. DEFENDANT KML LAW GROUP, P.C.
# INTRUSION UPON SECLUSION

47. Plaintiff Amanda Krebs hereby incorporates paragraphs 1 through 46 above as if the same were set forth more fully at length herein.

48. Plaintiff Amanda Krebs has an inherent right to privacy including his private consumer financial data.

49. Defendant KML Law Group, P.C. and/or its agents intentionally interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff Amanda Krebs, namely, by repeatedly and unlawfully attempting to collect a debt, which actions invaded Plaintiff Amanda Kreb's privacy.

50. Plaintiff Amanda Krebs had a reasonable expectation of privacy in Plaintiff Amanda Krebs's solitude, seclusion, private concerns or affairs, and private financial information.

51. Plaintiff Amanda Krebs was extremely frustrated, upset, and angry that Defendant KML Law Group P.C. continued to illegally attempt to collect this debt and Plaintiff Amanda Krebs felt that he had been denied his right to be free of post-bankruptcy collection harassment and to the financial fresh start as promised by the federal bankruptcy code.

52. The conduct of Defendant KML Law Group, P.C. and its agents, in engaging in the above-described illegal collection conduct against Plaintiff Amanda Krebs, resulted in multiple intrusions and invasions of privacy by Defendant KML Law Group P.C. which occurred in a way that would be highly offensive to a reasonable person in that position.

**WHEREFORE**, Plaintiff Amanda Krebs respectfully requests this Honorable Court enter judgment in her favor and against Defendant KML Law Group, P.C. for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff and for such other and further relief as may be just and proper.

Respectfully submitted:
**ARM LAWYERS**

By: /s/ David M. Gaspar, Jr.
David M. Gaspar, Jr., Esquire
Atty. ID#: 327667
Attorney for Plaintiff
115 E. Broad Street
Bethlehem, PA 18018
(610) 849-2789

By: /s/ Patrick J. Best
Patrick J. Best, Esquire
Atty. ID#: 309732
Attorney for Plaintiff
18 N. 8th Street
Stroudsburg PA 18360
(570) 420-7431